UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004CR10114-DPW

UNITED STATES

V.

JEROME AKEEM LASSITER

A/K/A

"BUTTA"

## ORDER ON DETENTION

ALEXANDER, M.J.

The defendant, JEROME AKEEM LASSITER A/K/A "BUTTA," appeared before this Court for a detention hearing on April 20, 2004 pursuant to an indictment charging him with violations of 21 U.S.C. §§ 846, 841(a)(1), and 860(a) (conspiring to distribute cocaine base, distribution of cocaine base, and playground zone violation). At the hearing the government was represented by Assistant United States Attorneys David G. Tobin and Patrick M. Hamilton; Mr. Lassiter was represented by Attorney John H. Cunha, Jr. The government moved to detain the defendant pursuant to 18 U.S.C. §§ 3142 (f)(1)(C) (the offense carries a potential of ten or more years imprisonment pursuant to the Controlled Substances Act) and (f)(2)(A)(serious risk of flight).

At the detention hearing, the government presented the credible testimony of

Gregory Brown, a veteran officer of the Boston Police Department assigned to the Youth Violence Strike Force (a multi-agency initiative focused on firearms, controlled substances, and gang violence). The government also presented various documents and other evidence, including videotapes purportedly showing surveillance of the offenses at issue in the indictment. In that an indictment is extant, probable cause to believe that all of the defendants named in the indictment committed the offenses with which they are charged. United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986). Accordingly, the Court sets forth in summary fashion that portion of the officer's testimony that relates directly to the issue of detention. The Court also has the benefit of a report on the defendants from the Pretrial Services Office ("PSO") of the District Court.

According to Officer Brown, from the spring of 2003 through April 14, 2004, law enforcement personnel conducted audio and visual surveillance, investigation, intelligence and controlled purchases by undercover officers of cocaine base, i.e., crack, on numerous occasions in the area of Warren Gardens and the surrounding environs in Boston. The area in which the transactions took place are within one thousand feet of a playground and/or school zone. Officer Brown testified that this defendant, along with co-defendant Antonio Cardona, made a sale of cocaine base to an undercover officer on June 19, 2003, and acting alone, made a sale to the same officer on July 1, 2003. Videotape evidence purportedly depicting surveillance of the sales made by the defendants were presented to the Court. At the time of the defendant's alleged sales of

crack, he was on probation in the Massachusetts state courts.

With this and the following information in mind, the Court turns to the detention calculus. Pursuant to the Bail Reform Act of 1984, this Court shall detain a criminal defendant pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142 (e); United States v. Montalvo-Murillo, 495 U.S. 711, 716-17 (1990). "With regard to risk of flight as a basis for detention, the Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." United States v. DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1990). The burden of persuasion remains with the Government on the question of flight risk. See DiGiacomo, 746 F. Supp. at 1181, *citing* United States v. Jessup, 757 F. 2d 378, 381-82 (1st Cir. 1985).

The issue of whether the defendant poses as a danger to the community has a different requirement. The Government must prove by clear and convincing evidence that no combination of conditions will reasonably assure the safety of any other person and the community. United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985). The meaning of clear and convincing evidence does not imply that the judge be "plumb sure" that there is no set of conditions that will protect the public, but the judge should be "pretty sure." United States v. Gray, 651 F. Supp. 432 (W.D. Ark. 1987), *aff'd,* 855 F.2d

3

858 (8th Cir.), *cert. denied*, 488 U.S. 866 (1988).

However, in cases (such as the one at bar) involving violations of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, for which the defendant may be imprisoned for 10 or more years, there is a rebuttable presumption that there is "no condition or set of conditions [that] will reasonably assure the appearance of the person and the safety of any other person and the community." 18 U.S.C. § 3142(e). This rebuttable presumption operates to shift the burden of production, but not the burden of persuasion, to the defendant. *See* Jessup, 757 F.2d at 381. The rebuttable presumption reflects Congress's belief that narcotics traffickers have the resources and contacts to flee to other countries, and that they pose particular risks of recidivism if released pending trial. United States v. Arroyo-Reyes, 32 F.3d 561, 1994 WL 440654, *3 (1st Cir. 1994)(Table)(per curiam), *citing* United States v. Palmer-Contreras, 835 F.2d 15, 17 (1st Cir 1987) and United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985). *See also* United States v. Portes, 786 F.2d 758, 765 (7th Cir. 1985). Nevertheless, because of the interference of pre-trial detention with the "importan[t] and fundamental . . . right" of liberty, United States v. Salerno, 481 U.S. 739, 750 (1987), this Court will not make such a finding lightly. The independent analysis regarding detention is governed by the rubric set forth in 18 U.S.C. § 3142(g).

First, the Court looks to the nature and circumstances of the offense charged against the defendants. It is beyond peradventure that the controlled substance at issue in this complaint, crack, is a significant problem for this society. Its capacity to addict its

users is horrific. Although the amounts of cocaine base at issue in this case are not large in comparison to many conspiracies, this Court treats any alleged conspiracy to distribute cocaine base seriously.

Second, the Court looks to the weight of the evidence against the defendant. As noted previously, there is probable cause to believe that the defendant committed the offenses with which he is charged. <u>Vargas</u>, *supra*. The evidence here, including the credible testimony and videotape evidence, is not insignificant.

The Court's third inquiry relates to the individual defendant. Mr. Lassiter is young man, twenty years old. Despite his youth, he has been prodigious in criminal conduct. His record as an adult reveals that he has "graduated" from early insurance and motor vehicle violations, to convictions for knowingly receiving stolen property, operating a motor vehicle after suspension of his driving license to, in a rather short time span, various and repeated controlled substance offenses and at least one firearms violation (for which he was on supervised release at the time of this offense).[1]

As alarming to this Court is the fact that his record indicates repeated defaults while on probation; not surprisingly, his supervised release was revoked. The Court directed the PSO to inquire of the status of Mr. Lassiter with his Massachusetts probation officer. That inquiry yielded information that is also significant: notwithstanding a more recent understanding of the need to obey the law (an epiphany purportedly coinciding

---

[1] The Court notes that the government avers that Mr. Lassiter is in the highest category for purposes of sentencing and will be considered a career offender.

5

with the birth of the defendant's child), Mr. Lassiter evidently missed every scheduled drug test ordered by the Massachusetts courts (some, but not all, of those absences were due to the defendant's incarceration), for failing to report and for not having verification of his residence.[2]

Mr. Lassiter is without significant assets, employment, or education. He does, however, have ties to this District, including the presence of many family members. His mother was proposed as a third-party custodian and interviewed by the PSO. Although the PSO determined that the mother could be a suitable custodian, the Court is not persuaded. Most concerning to the Court is the fact that the defendant had repeated violations of his terms of probation while in the care of his mother, notwithstanding her best efforts to insure his compliance with the terms of release. This Court has no reason to doubt that the mother would endeavor to fulfill her custodial obligations, but does not believe she is capable of doing so over the defendant's own recalcitrance.

Moreover, Mr. Lassiter self-reports that he has used marijuana on a daily basis since the age of twelve. There cannot be serious question that the chronic use of marijuana during a period of critical social, psychological, and physical development adversely inhibits the proper development of a young man. Such addiction – rather physical or emotional — likely warrants attention and treatment. Defense counsel, however, did not respond to this Court's inquiries about the potential for release to a

---

[2]The PSO reports that the Massachusetts probation officer will seek a probation violation warrant for Mr. Lassiter if this Court were to release him from pre-trial detention.

treatment facility.

Thus, after careful consideration of all of the evidence and information presented, the Court does not believe that there is a combination of conditions sufficient to warrant release of this defendant. Mr. Lassiter faces significant penalties in this case, as well as whatever penalties may flow in the state courts for violation of his conditions of release on those charges. He repeatedly failed to abide by prior court orders when released from the state courts on serious charges, thus indicating some disregard for court orders. In finding that release is not warranted, the Court is mindful of the suggestion that the defendant be released on an electronic monitoring device to his mother. However, the statutory presumption applies in this case, and the defendant has not sufficiently rebutted it.

Against this backdrop, including the presumption of 18 U.S.C. § 3142(e-f), the Court concludes by clear and convincing evidence that JEROME AKEEM LASSITER A/K/A BUTTA poses a danger to the community and by a preponderance of the evidence that he poses a risk of flight, neither of which can be vitiated by any condition or combination of conditions of release. Accordingly, the Court ORDERS him detained pending trial. Further, pursuant to 18 U.S.C. §3142 (i) it is ORDERED that JEROME AKEEM LASSITER A/K/A BUTTA:

1. be, and hereby is , committed to the Custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. be afforded reasonable opportunity for private consultation with his counselors; and

3. on Order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Review of this Order may be obtained by the filing of a motion for revocation or amendment of the Order pursuant to 18 U.S.C. § 3145 (b).

SO ORDERED.

6/30/04        _____
               United States Magistrate Judge