UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) ) ) | |
| v. | ) ) ) | No. 04-10114-DPW |
| **JEROME LASSITER** | ) ) ) | |

### MOTION TO STRIKE SUPERSEDING INDICTMENT
### AND MEMORANDUM IN SUPPORT

The defendant, Jerome Lassiter, moves this Court to strike the superseding indictment in the above-named case. The superseding indictment is identical to the original indictment, except for the addition of "Notice of Additional Factors" on page 6. For the reasons stated herein, the notice is impermissible and prejudicial surplusage which must be stricken.

### ARGUMENT

An indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. R. Rule 7(c) (1). The "Notice of Additional Facts" in the superseding indictment does not comply with the requirements of the rule because it does not charge an "offense."

It has been the usual practice of the government to advise defendants by a notice in the indictment that the amount of the drugs alleged in the counts exposed him or her to certain mandatory sentences under 21 U.S.C. § 841. The added notice on page 6 of the superseding indictment does not notify the defendant that he is subject to penalties stemming from a federal statutory crime defined by Congress. In fact, the notice does not refer to or incorporate any federal statute. Instead, it cites aggravating factors which could apply under the United States Sentencing Guidelines during a sentencing phase, if convicted. "[A]ggravating factors are not

criminal conduct defined by Congress and, as such, have no place within the charging documents against the Defendants." United States v. Mutchler, Crim. No. 04-76, slip op. at 6-7 (S.D. Iowa Sept. 9, 2004). See also, United States v. Jardine, Crim. No. 04-219, slip op. at 11 (E.D. Pa. Oct. 8, 2004) (finding that the government's "Notice of Additional Factors " was "unnecessary" because it did not contain facts essential to constitute the charged offense).

The addition of aggravating factors is also unduly prejudicial to the defendant. "The jury may be influenced by the sentencing factors as opposed to focusing on the elements of the alleged crimes themselves." Jardine, slip op. at 10. By adding aggravating factors which are only relevant at sentencing, the government could be attempting to enhance the defendant's culpability before a jury, as if to accuse the defendant of being "more guilty" than another defendant accused of the same statutory offense but for whom a smaller amount of a controlled substance is in evidence. "A motion to strike surplusage from an indictment is addressed to the sound discretion of the District Court and should be granted only where it is clear that the allegations contained therein...contain inflammatory and prejudicial matter." Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962).

Further, the court in United States v. Mueffleman, 2004 U.S. Dist. LEXIS 14114 (D. Mass. July 26, 2004), held that the federal guidelines were unconstitutional and its provisions were not severable under Blakely v. Washington, 159 L. Ed. 2d 403, 124 S.Ct. 2531 (June 24, 2004). Therefore, including references to the federal sentencing guidelines in the superseding indictment is of no effect and must be stricken as surplusage.

<table>
<tr><td></td><td>JEROME LASSITER<br>By his attorney,<br><br>/s/ *John H. Cunha Jr.*<br>John H. Cunha Jr.<br>B.B.O. No. 108580<br>CUNHA & HOLCOMB, P.C.<br>One State Street, Suite 500<br>Boston, MA 02109-3507<br>617-523-4300</td></tr>
<tr><td>Dated: November 30, 2004</td><td>H:\Word\Crim\Lassiter\Motion to Strike Superseding Indictment.wpd</td></tr>
</table>