UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.       ) | CRIMINAL NO.   04-10114-DPW |
| ) | |
| 1.   **ANTONIO CARDONA,**   ) | |
|      a/k/a "ANT," and   ) | |
| ) | |
| 2.   **JEROME LASSITER,**   ) | |
|      a/k/a "BUTTA,"   ) | |
| ) | |
|      Defendants.   ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS'
"MOTION TO STRIKE SUPERSEDING INDICTMENT
AND MEMORANDUM IN SUPPORT"**

Now comes the United States of America, by and through the undersigned counsel, and submits herewith the government's opposition to the identical "Motion to Strike Superseding Indictment and Memorandum in Support" filed by defendant Jerome Lassiter on November 30, 2004 and by defendant Antonio Cardona on December 6, 2004 (hereinafter referred to as "the Defendants' Motion" or "Def. Mot."). The Defendants' Motion targets the "Notice of Additional Factors" set forth at the end of the Superseding Indictment. However, the Defendants' Motion is meritless and should be denied because, as more fully set forth below, the Notice is not surplusage and does not unfairly prejudice the defendants.

**ARGUMENT**

1. **Notice of Additional Factors and Blakely:**

The Superseding Indictment in this case contains a two-paragraph Notice of Additional Factors alleging the applicability to this case of sentencing enhancement factors set forth in the Sentencing Guidelines.  Specifically, the Grand Jury charged in the Notice that defendant Antonio Cardona is responsible for at least 2, but less than 3, grams of crack cocaine and that defendant Jerome Lassiter was responsible for the same quantity of crack cocaine and, therefore, that U.S.S.G. § 2D1.1(c)(10) applies to each defendant.   The government provided this Notice in anticipation of seeking a jury determination regarding the existence of the charged factor (drug quantity).

The government has adopted this course in light of the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). In that case, the Court held that the application of a Washington sentencing procedure did not comport with the Sixth Amendment where a pertinent sentencing finding was made by a judge rather than a jury.  The Supreme Court held that this procedure violated the principle set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), which held that any fact which increases a statutory maximum sentence must be found by the jury under a reasonable doubt standard.  The Blakely Court stated that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose

<u>solely on the basis of the facts reflected in the jury verdict or admitted by the defendant</u>." <u>Blakely</u>, 124 S. Ct. at 2537 (emphasis in original).

<u>Blakely</u> stated that it passed no judgment on the federal guidelines. <u>See</u> <u>id.</u> at 2538 n.9. It is the government's view that <u>Blakely</u> does not apply to the federal guidelines, which have repeatedly been upheld by the Supreme Court, and which differ in material respects from the Washington state scheme at issue in <u>Blakely</u>. As the government has argued in <u>United States v. Booker</u>, No. 04-104, and <u>United States v. Fanfan</u>, No. 04-105, pending in the Supreme Court, <u>Blakely</u> does not apply to the federal sentencing guidelines because, unlike the state statutes at issue in <u>Apprendi</u> and in <u>Blakely</u>, the guidelines do not create statutory maximums.[1] It is the government's position that: (a) <u>Blakely</u> does not apply to the federal guidelines, and (b) if <u>Blakely</u> does apply, and in a particular case bars the application of a sentencing enhancement in the absence of a jury finding or defendant's admission, the guidelines as a whole are not severable and should not be employed in that case, except as a guide to the exercise of the court's discretion.

---

[1] The arguments supporting the government's position are set forth in the government's Supreme Court brief in the pending <u>Booker/Fanfan</u> cases. <u>See</u> Brief for the United States at 14-43, available at http://www.blakelyblog.com/SGBookerFanfan.pdf.

However, even if this Court shares the government's view with respect to either argument, if this case were to proceed to trial[2] before the Supreme Court rules on the applicability of <u>Blakely</u> to the federal Sentencing Guidelines, the government nevertheless would deem it prudent to obtain a jury verdict to protect against the possible impact of adverse appellate decisions. It must be recognized that the Supreme Court, applying the reasoning of <u>Blakely</u>, may ultimately hold that with regard to the application of federal sentencing enhancements, it is necessary for any fact supporting a sentencing enhancement or upward departure to rest on a jury verdict. The Court may also decline the government's alternative argument regarding the inability to sever the guidelines, and direct that the existing guidelines be applied through jury fact-finding. For this reason, and in order to protect against the possibility of an unjustly low sentence in this case in the event that <u>Blakely</u> is so extended, the government has elected, as a protective measure, to charge the pertinent enhancement factors and seek a jury determination regarding each.

**2.   <u>The Notice May Not Be Stricken as Surplusage</u>:**

The notice provided to the defendants is not subject to abrogation as surplusage. In general, the Court may strike, as surplusage and superfluous, language which unfairly prejudices the

---

[2] Pursuant to motions made by both defendants and granted by this Court, pre-plea pre-sentence reports are being prepared for each defendant.

accused. United States v. Lewis, 40 F.3d 1325, 1346 (1st Cir. 1994); United States v. Vastola, 899 F.2d 211, 231 n.25 (3d Cir.), vacated on other grounds, 497 U.S. 1001 (1990). See also United States v. Pungitore, 910 F.2d 1084, 1142 & n.83 (3d Cir. 1990). A motion to strike surplusage is permitted under Rule 7(d) of the Federal Rules of Criminal Procedure. However, "the scope of a district court's discretion to strike material from an indictment is narrow." United States v. Oakar, 111 F.3d 146, 157 (D.C. Cir. 1997). "The standard under Rule 7(d) has been strictly construed against striking surplusage." United States v. Jordan, 626 F.2d 928, 930 n.1 (D.C. Cir. 1980). A "motion to strike surplusage [from the indictment] should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998), quoting 1 Charles Alan Wright, Federal Practice and Procedure § 127, at 426 (1982). See also United States v. Behenna, 552 F.2d 573, 576 (4th Cir. 1997); United States v. Root, 366 F.2d 377, 381 (9th Cir. 1996); Lewis, 40 F.3d at 1346; United States v. Collins, 920 F.2d 619, 631 (10th Cir. 1990); United States v. Huppert, 917 F.2d 507, 511 (11th Cir. 1990); United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990); United States v. Figueroa, 900 F.2d 1211, 1218 (8th Cir. 1990). "Material that can be fairly be described as 'surplus' may only be stricken if it is irrelevant and prejudicial." Oakar, 111 F.3d at 157.

The sentencing factors described in the indictment are neither irrelevant nor unduly prejudicial.  Rather, they are the very factors which by law are pertinent to the determination of the defendants' sentence in this case.  While the government traditionally would not seek to include these factors in the indictment itself, it has done so in anticipation of the defendants' claim, based on Blakely, that such notice afforded by the grand jury is essential to the Court's power to impose the sentence permitted by law.

The government strongly suspects that the Defendants' Motion is disingenuous and inconsistent with the position the defendants would take on the applicability of Blakely.  It is very likely that, if only to preserve *their* legal options, the defendants in this case would argue that Blakely is applicable to the federal Sentencing Guidelines and, specifically, that there may be no sentencing enhancement without a unanimous finding beyond a reasonable doubt by the jury.  Indeed, in their motion, the defendants cite favorably the decision in United States v. Mueffleman, 2004 U.S. Dist. LEXIS 14114 (D. Mass. July 26, 2004) for the propositions "that the federal guidelines were unconstitutional and its provisions were not severable" under Blakely."  Def. Mot. at 2.  On the other hand, in their instant motion, the defendants argue that the "Notice of Additional Factors" section of the indictment, which charges and puts the

6

defendant on notice of possible sentencing factors, is surplusage and must be stricken. If the factors are not charged, they may not be submitted to the jury, and the defendants could receive an artificially low sentence. Simply put, the defendants want to have their cake and eat it too.

The defendants cannot have it both ways. If the defense view is that the guidelines create elements of aggravated offenses, it is incumbent on the government to provide notice of the factors and seek jury resolution. If, on the other hand, the defendants take a different view and essentially wish to waive any <u>Blakely</u> claim, the government would be pleased to withdraw its notice and proceed under the procedural rules which were universally applied before <u>Blakely</u> was decided. Absent such a waiver by the defendants, the notice of additional factors is relevant to sentencing issues and is not inflammatory or unfairly prejudicial. Judge Dalzell recently so held in denying a motion identical to the defendant's. <u>United States v. Cintron</u>, Crim. No. 03-675-02 (E.D. Pa. Aug. 19, 2004) (Dalzell, J.) (unpub.). He ruled:

> Although the additional factors in the superseding indictment are not elements of the charged offenses, they are nevertheless relevant to the charged offenses because, if proven to and found by a jury, they would permit enhancement of the defendants' sentences under the Sentencing Guidelines.

As Judge Dalzell recognized, in full accord with the purpose of an indictment, the indictment puts the defendants on notice of additional facts concerning their offenses which may be relevant

for purposes of sentencing.  Cf. United States v. Stansfield, 171 F.3d 806, 811 (3d Cir. 1999) (the purpose of an indictment is to identify the defendant's alleged offense and "fully inform the accused of the nature of the charges so as to enable him to prepare any defense he might have" (internal quotation marks omitted)).[3]

Moreover, the Defendants' Motion should be denied because they have not and cannot describe how the notice in this case would *unfairly* prejudice them.  Lewis, 40 F.3d at 1346.  The drug transactions charged in the Superseding Indictment involved 0.63 and 0.57 grams of crack cocaine purchased from Lassiter and Cardona on June 19, 2003, 1.2 grams of crack cocaine purchased from Lassiter on July 1, 2003 and 0.65 grams of crack cocaine purchased from Cardona on July 23, 2003.[4]  In the course of an ordinary trial, the foregoing weights would be elicited from one or more

---

[3] The defendants cite the decision in United States v. Jardine, 2004 WL 2314511 (E.D.Pa. Oct. 8, 2004), for the proposition that the notice in this case should be stricken. However, it is worth noting that the decision in that case was based at least in part on that court's apparent view Blakely does not apply to the federal Sentencing Guidelines ("It is the sole province of Congress to define the elements of federal criminal offenses and establish minimum and maximum punishments for every crime"; "the [Sentencing] Commission cannot create, define, or expand upon Congress' definitions of the elements of federal crimes; and "[t]he guidelines do not, and constitutionally could not, define what criminal conduct *is*")(2004 WL 2314511 at *2)(citations omitted, italics in original).

[4] Since there is no over-arching conspiracy charged, nor one relating to the July 1 and July 23 transactions, the government does not argue that the drug weights involved in the July 1 and July 23 transactions are attributable to both defendants.

forensic chemists called as government witnesses.  Surely, the defendants cannot seriously argue that a notice setting forth sub-totals of these weights is prejudicial, let alone *unduly* prejudicial.

Furthermore, any concerns about prejudice the defendants might suffer may be alleviated by withholding submission of the additional facts, where necessary, until after the jury first has determined guilt.  In that circumstance, the notice of additional factors plainly would not be inflammatory or unduly prejudicial to the defendants because the sentencing factors would be submitted to the jury only during the sentencing phase and not during the finding of guilt phase.

## CONCLUSION

In sum, the notice of additional factors notifying the defendants of additional factors to be proved as a precursor to their submission to the jury is plainly justified.  The factors are relevant to sentencing and do not unfairly prejudice the defendants, and if necessary in a case in which **a** defendant **could** demonstrate that he would suffer prejudice from the submission of these factors to the jury prior to the jury's guilt determination, the additional factors may be submitted to the jury after it makes that determination.  The motion to strike the "Notice of Additional

Factors" in this case should be denied.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                           By:  /s Patrick Hamilton/
                                          PATRICK M. HAMILTON
                                          Assistant U.S. Attorney
                                          U. S. Attorney's Office
                                          John Joseph Moakley
                                          United States Courthouse
                                          1 Courthouse Way, Suite 9200
                                          Boston, MA  02210
                                          (617) 748-3251

Date:     December 13, 2004

**CERTIFICATE OF SERVICE**

    I, Patrick M. Hamilton, do hereby certify that a copy of the foregoing has been served this date electronically upon counsel of record for defendants Jerome Lassiter and Antonio Cardona.

Date:     December 13, 2004          /s Patrick Hamilton/
                                                Patrick M. Hamilton