```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
        v.                    )   CRIMINAL NO.   04-10114-DPW
                              )
JEROME LASSITER,              )
    a/k/a "BUTTA,"            )
                              )
        Defendant.            )
```

### GOVERNMENT'S QUALIFIED OPPOSITION TO LASSITER'S "MOTION TO CONTINUE" APRIL 21 RULE 11 AND SENTENCING HEARING

Now comes the United States of America, by and through the undersigned counsel, and submits herewith its qualified opposition to defendant Jerome Lassiter's "Motion to Continue" the Rule 11 and sentencing hearing currently scheduled for April 21, 2005. When the government learned that defense counsel had to be out of state on April 21, 2005, the government readily agreed to assent to a proposed motion to continue the hearing scheduled for that date. However, at no time was it suggested that Lassiter's continuance motion also would seek to sever the change-of-plea hearing from the sentencing hearing or that a four or five month continuance would be sought. Nor did the government ever indicate its assent to such a severance or to such a lengthy extension.

It was Lassiter who moved on his own initiative almost seven months ago (on September 20, 2004) for the preparation of a pre-plea Pre-Sentence Report ("PSR"). The original draft of his PSR was disclosed to the parties on or about January 10, 2005 and the final version of same was distributed to the parties on or about

February 7, 2005.

The government understands that the preparation of pre-plea PSRs is permitted in order to expedite the final disposition of a criminal case, especially where the parties reasonably anticipate a change of plea, as they do in this instance.  Indeed, the pre-plea PSR for Lassiter's co-defendant, Antonio Cardona ("Cardona"), was prepared on the same timetable set forth above and Cardona was sentenced by this Court two months ago.

The government gladly agrees to a short continuance of the April 21 change-of-plea and sentencing hearing to accommodate defense counsel's need to be out-of-state on that date.  However, the government strongly opposes severing Lassiter's change-of-plea hearing from his sentencing hearing and strongly opposes any continuance beyond that which is needed to accommodate defense counsel's out-of-town travels and the Court's commitment to other matters.

At the time of his initial appearance, Lassiter told Pre-Trial Services that he had no substance abuse problem.  Lassiter has no one to blame but himself for the fact that it was not until seven months later (and a month after he had requested the preparation of a pre-plea PSR) that Lassiter chose to change his story and to seek release to a drug treatment program (over the government's strenuous objection).  Now that he is in treatment, he claims that "he will be unable to contact his counsel for more than a few

minutes at a time." Motion to Continue at 2. The government is confident that, if the program personnel understand that Lassiter is scheduled to change his plea and be sentenced in the near future (something which both they and Lassiter understood at the time he was released to treatment), Lassiter will be permitted to have sufficient time to confer with his counsel to prepare for such a hearing.

Nor is any delay necessary to allow the Court "to supplement the defendant's PSR with information regarding 18 U.S.C. § 3553(a) factors, such as the defendant's addiction and treatment. . . ." Motion to Continue at 2. The presentence reports traditionally prepared by the Probation Office, including the PSR in this case, already address the sentencing factors enumerated in 18 U.S.C. § 3553(a). Indeed, they have long included information (such as a defendant's "lack of guidance as a youth") regardless of whether or not that information was a prohibited basis for a departure under the Sentencing Guidelines. Moreover, Lassiter's self-reported "addiction" to marijuana is adequately covered both in Lassiter's own objections to his draft PSR and in his supplement to his Motion to Continue.

In short, there is no reason whatsoever for delaying Lassiter's change-of-plea hearing for more than a few days or

3

weeks.[1]

Nor is there any reason for severing Lassiter's sentencing from his change-of-plea hearing.  As Lassiter and the Court are well aware, once Lassiter enters a guilty plea, 18 U.S.C. §3143(a)(2) will require that he be remanded to the custody of the Marshals' Service pending his sentencing.  To the extent that Lassiter's course of treatment up to that point is relevant to the sentencing process, Lassiter certainly can supplement the record by submitting for the Court's consideration a letter from the treatment program.[2]  Lassiter will undoubtedly seek a judicial recommendation that he be allowed to participate in the 500-hour Bureau of Prisons substance abuse program (if only to secure the sentence reduction flowing from its successful completion). Since

---

[1]  The government is troubled by the lack of candor in Lassiter's suggestion that Magistrate Judge Alexander wanted Lassiter to be on release for as long as might be needed to complete his drug treatment. Rather, a Pre-Trial Services Officer suggested that Magistrate Judge Alexander's release order should include a provision that Lassiter report back to the Court following the completion of his treatment.  Magistrate Judge Alexander was well aware of the fact that Lassiter was due before this Court for a change of plea and for sentencing on April 21 and, therefore, concluded that no such provision was necessary since Lassiter would not have completed his treatment by that time.  **That** is why Magistrate Judge Alexander stipulated on the record her understanding that Lassiter would not be admitted to some treatment program which would be so short that it could be completed prior to April 21.

[2]  Indeed, the Court is free now to inquire into Lassiter's course of treatment to date to determine if his progress to date (or lack thereof) militate in favor of a longer or shorter continuance.

participation in that program will precede his release from incarceration (as contrasted with the current treatment program, which precedes his likely incarceration[3]), it makes sense to hasten the day when Lassiter will be eligible to participate in and benefit from that BOP program.  Therefore, there is no justification for further delaying Lassiter's sentencing hearing.

For all the foregoing reasons, the government respectfully requests that this Honorable Court grant a short continuance of the hearing currently scheduled for April 21, 2005 and re-schedule Lassiter's change-of-plea and sentencing hearing to a date in the near future.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                          By:   *S/Patrick M. Hamilton/*
                                        Patrick M. Hamilton
                                        Assistant U.S. Attorney
                                        U. S. Attorney's Office
                                        John Joseph Moakley
                                        United States Courthouse
                                        1 Courthouse Way, Suite 9200
                                        Boston, MA  02210
Date:    April 14, 2005            (617) 748-3251

---

[3] According to his PSR, Lassiter's Guidelines Sentencing Range (based on a Total Offense Level of 19 and a **Criminal History Category of VI**) is 63-78 months, of which he has served roughly 11 months.